BREVARD, J.
This was an action of assumpsit, brought by way of foreign attachment, which was decided to have abated, in consequence of the defendant’s death, pending the suit. The decision was made by the late Mr. Justice Trezevant, in January, 1806.
An appeal from that decision was argued in January, 1808, and . the case has been held under advisement ever since.
I cannot state, nor is it necessary to state, the causes which have protracted the determination of this appeal to this time. In justice to myself, however, I must say, that 1 was prepared soon after the argument on the motion, on appeal, to deliver my opinion, and have been ever since, ready and willing to deliver it. The procrastination, therefore, cannot, in any degree, be imputed to me. I have never entertained any other opinion on the subject than that which I am now about to declare.
The case was briefly this : A copy of a writ of foreign attachment was served on a garnishee, who returned that he had in his possession certain effects of the defendant’s, the absent debtor; but before any judgment was obtained against the defendant, he died. The death of the defendant being admitted, the District Court decided that the suit had thereby abated. The motion, on appeal, was for a reversal of that decision ; and. to support it, the principle was assumed in argument, and attempted to be established, that a suit by foreign attachment is a proceeding against the property, and not against the person, of the debtor ; and, therefore, the circum *25 stance of the defendant’s death intervening, was no ways material.
It was further contended for the plaintiff, that by the service of the attachment, he acquired certain vested rights, which could not be divested or impaired by the death óf the defendant.
To a correct decision on those points, it will be necessary to see how the law stood, when the act of assembly was passed, which authorized the suit in question, and what alteration was effected by that act.
By the general rules of law, the death of either party, pending the action, will abate it.
By an express provision of statute law, if either of the parties shall die after an interlocutory, and before final judgment, the action shall not abate, if it be maintainable by or against the legal representatives of the party defunct. (A. A. 1746, P. L. 212.) But the action must be revived and continued by scire facias.
The act of assembly, on which the action in the present case was instituted, (A. A. 1744, P. L. 212,) seems clearly to have intended a remedy against such debtors as are resident in foreign parts, or absent themselves, so that no process of law in this State can affect them, by subjecting their estates, and choses in action, within the State, to légal process, so as to procure, by that mean, the .satisfaction of their just debts, due to persons living here,- or entitled to claim the benefit of our laws. At the time when the act paásed, no action could be instituted, or prosecuted; against any one not within the State, or Province. As no process of law could be served on him he could not be summoned, or notified, or by any means compelled to answer ; nor could his property be seized, or attached, by any lawful procedure, so as to coerce his attendance in court, to answer the complaint of his creditor, or to satisfy his demand. No process of law could affect the debtor, without an opportunity afforded hjm of being heard in his defence. This is a right of which he could not be deprived without a violation of the fundamental principles of natural justice.
The act has provided a remedy for the creditor, which does not take away or impair the right of the debtor. If the act is carefully examined, and attentively considered, it will be found, I think, beyond all doubt, that the remedy was not intended to operate on the property alone, but on the person of the debtor. It is not in its nature, or in the form of the proceeding authorized, a proceeding against an inanimate thing ; a proceeding in rem., as in the Courts of Admiralty, which every one is bound to take notice of, but is *26 ca^cu^ed expressly to induce or constrain the appearance of the debtor, who is the nominal, as well as real defendant, to answer in person the complaint of the creditor.
The first enacting clause provides the specific remedy in the form of an action against the 'person of the debtor. It prescribes the duty of the officer entrusted with the service of the writ, and guards cautiously against an improper service, in order that the absent debtor may have notice where the property of the defendant is attached, a copy of the writ of attachment, and a written notice thereon, is directed to be served or published. If the property attached is not in the hands or possession of any person, a copy of the writ and notice is to be posted at the door of the Court House of the district where the property was when attached. If attached in the hands or possession of any person, or where some person has, or claims, a power over the same, he must be served with no'tice. If such person should claim the property, or deny that it is the property of the defendant, the act provides for the determination of that question by a jury. If the question should be decided against the garnishee, or he should make default, by neglecting to appear and answer, the right to prosecute the action is established, by the service of process on the supposed trustee or agent of the defend, ant, and attachment of the effects of the defendant in his hands. All' this is calculated to give notice to the defendant, in order that he may take steps to resist the proceedings against him, or provide the means to rescue his property from the grasp of his creditor, if disposed to do so ; and ample time is allowed him, that he may not be surprised or concluded, for want of notice.
If the defendant has a wife or attorney within the State, the act directs that a copy of the declaration shall be served on such wife or attorney, with an order to the defendant to plead, or make his defence ; and the court is authorized to allow a sufficient time, npt exceeding a year and a day, for that purpose ;, and notice is to be given to the defendant by publication in the gazette, once every three months.
If the defendant appears within a year and day, or such time as the court shall allow, he may give bail, and dissolve the attach, ment, or any person may appear for him, and give bail to answer the action. Upon giving bail, the claim on the property is discharged, and the action proceeds as if the defendant had been personally served with process at the commencement of the suit.
If the defendant should fail to appear, or any person on his behalf, after the time allowed for appearance, judgment may be ob *27 tained against him, as in other cases, in the ordinary course of legal proceeding. He is condemned for default of appearance, upon the presumption that he has had due and sufficient notice to appear and make his defence, if any he had.
But the act further provides for cases where a defendant may not have had notice, or where fraud may have been practised, to deprive him of the benefit of such legal and just defence as he might have availed himself of, if he had had notice, or had not been deceived. The defendant is allowed, at any time, within two years, to appear and disprove, if he can, the demand of the plaintiff on which he has obtained judgment, and to recover against him full damages, and treble costs. This seems to be a strong' guard against false and collusive judgments.
From this view of the act it seems evident, that the death of the defendant must be material, and upon that event the suit abated, in the same manner as it would have done if he had given bail to the action. But the plaintiff’s counsel has contended, that by the lodgment of the writ of attachment, or at any rate, by the levy of it, a lien was created, or certain rights vested, which could not be discharged, or divested, by the death of the defendant.
It is clear to my mind, that the mere lodgment of the writ in the hands of the officer whose duty it was to serve it, created no lien, and conferred no right whatever. This point has been, in effect, decided by a majority of the court, in several eases which have been adjudged, in which it has been determined that the mere lodgment of the writ does not give a priority of right, and that the at-tachmentyirsi levied shall be preferred. ■
But in this case the writ was actually served. This, I think, created a partial or qualified lien, and bound the property actually attached, to answer the plaintiffs pursuant to the act. But the lien so created cannot be regarded in the light of an absolute vested right to the specific property.
The property attached in such case, may be considered as a pledge, liable to answer the demand of the plaintiff, sub modo, subject to certain conditions and contingencies. Viewing the remedy provided by the act, in the light of a personal action, and the attachment of property as a method, by which the appearance of the party is to be enforced, it would be incongruous to suppose, that after the death of the defendant, before judgment, the property would be liable ; and especially, if the defendant should happen to die immediately after the service of the writ, without having had any opportunity to hear of that service.
*28 The act declares, that attaching part of the debtor’s effects shall make the whole liable in the hands or power of the garnishee, to recover any judgment recovered on that process. '• The judgment ]iere Sp0ken of must be a judgment against the defendant, to which his property is liable to respond. Before the judgment can be had, proof must be given, sufficient to authorize it. The evidence on which the judgment is founded is not required to have any con-nexion with the property attached. This is another circumstance to shew that the action is merely personal.
The part of the act which directs the property attached to be delivered to the plaintiff, upon his giving security to answer the value, and to prosecute his suit with effect, is as much for the advantage of the defendant as of the plaintiff, and was not intended, certainly, to grant any right of property to the plaintiff, or give him any other lien upon it, than that which has been before noticed. So the other clauses of the act, directing a sale of perishable articles. This was done, evidently, to prevent a loss to either party, by the destruction or deterioration of articles of a perishable nature.
In this opinion, I do not mean to controvert, or to disapprove of the decision made in the case of Kennedy vs. Raguet, (1 Bay’s Reps. 477,) which was cited and relied upon by the plaintiff’s counsel. In that case, it seems there was a judgment, and an execution against the defendant, the absent debtor, and the application was on the part of the garnishee, to set them aside, upon the ground, that the defendant had died before judgment.
I do not, at present, feel disposed to favor an application of this sort, as it could not be any injury or prejudice to the garnishee to pay money due to the absentee, or his representatives, or deliver up the property to whoever might be authorized, by law to receive it.
The application ought, I think, to have been by the legal representatives of the absent debtor. The decision was, I think, correct, although I cannot subscribe to the reasons which are assigned for it.
My opinion, upon the whole, is, that the decision of the District Court was correct, and that the motion in this court ought to be rejected.
The other judges were of opinion the action abated.